[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS FOR MODIFICATION OF SUPPORT (DOCKET ENTRIES NOS. 171.00 AND 173.00)
Both parties have filed motions for modification of support. The defendant, in her motion, seeks a downward modification of support from the current order of $60.00 per week to $30.00 per week. The plaintiff, on the other hand, seeks an upward modification of support alleging that the defendant has an earning capacity in excess of $400.00 per week.
A decree of dissolution of marriage was entered on October 22, 1996. There are three minor children issue of this marriage, Shana who is now fourteen years of age, Melissa who is now thirteen years of age, and Kyle who is now ten years of age. Custody of the three children was granted to the plaintiff with the defendant having specified visitation.
The matter was tried before the undersigned over a period of seven days. At the time of the original decree, the defendant was working two part time jobs: Rite Aid Pharmacy and Bag and Baggage. At that time, she was earning $243.00 net per week and was a low income obligor. Her basic obligation under the child support guidelines at that time was $73.00 per week. The court CT Page 12505 deviated from the child support guidelines and ordered support in the amount of $45.00 per week. On April 10, 1997, the order for support was modified to the sum of $60.00 per week. On October 17, 1997, a motion to modify was filed and subsequently argued on March 26, 1998. This motion was denied by the court (Ballen, J.) and the order for $60.00 per week continued. (See docket entry no. 165.)
At the time of the modification upward from $45.00 per week to $60.00 per week, the defendant was employed as a special ed aide by the Town of Westport earning a weekly net wage of $220.00 per week and a part time job at Rite Aid earning $40.00 per week for total weekly net earnings of $260.00 per week. At that time, the plaintiff was unemployed and receiving unemployment compensation and dependents allowance of $364.00 per week.
There has been a substantial change of circumstances since the court's last modification of support. The family home has been sold, and the plaintiff and the three children are living in South Salem, New York in the plaintiff's mother's home. The defendant has remarried and is living in Shelton with her husband. The plaintiff is employed as a teacher at Bullard Havens Technical School and earns a net weekly wage of $437.00. The defendant is employed as a rehabilitation associate at Ripton School in Shelton. This is a part time position, the defendant earning a net weekly wage of $116.00 per week. Her hours are 9:00 a.m. to 1:00 p.m. Monday through Thursday and Friday 9:00 a.m. to 10:30 a.m., a total of 17 1/2 hours per week. At the time she took this job, she kept free to exercise visitation with her children. The defendant had, in the past, sold Avon products and earned one year as much as $3,000. However, sales this year have totaled approximately $200.00. However, the court, having recently ruled a change of visitation, it is clear that she will have the time to seek additional employment.
As noted in the courts original memorandum of decision, the plaintiff has a B.S.. degree in Civil Engineering from Renselear Polytechnic Institution in Troy, New York, which he received in 1977. In 1978, he received a technical M.B.A. degree from Renselear. He is now 43 years of age. His health is excellent, although he has extremely poor vision and is handicapped in his reading ability. His reading is slow and because of this he was unable to pass the engineering exam.
The defendant is 42 years of age and in excellent health. She CT Page 12506 graduated from Mary Washington University with a B.S. degree in Biology in 1978. She has worked all during the parties' marriage, mostly in retail sales. She is intelligent, well-educated, well-spoken and makes a fine appearance. She is well able to command jobs earning a net of at least that realized when working for the Town of Westport and Rite Aid Pharmacy, that is, $260.00 per week. Combined net weekly income of the parties on such a basis would be $697.00 and the basic support obligation in accordance with the guidelines would be $308.00. To this must be added $20.00 for the children's health insurance for a total obligation of $328.00. Defendant's share would be $122.00 a week.
As already noted, the defendants present net weekly income is $116.00 per week. Of her weekly expenses, $60.00 is reported as child support. She shows no house expenses since these are paid by her husband, except for her contribution to telephone expenses. Her expenses for travel to and from Shelton and South Salem, New York, would now be greater than her expenses when both parties lived in Norwalk.
Having considered support based upon the defendant's earning capacity, the court finds that it would be inappropriate and inequitable to apply the child support guidelines on that basis and deviates from the child support guidelines pursuant to § 46b-215a-3 (b)(3)(A) and 3(b)(6)(F) of the Child Support Guideline Regulations, that is, significant visitation expenses and other equitable factors. As noted, the defendant has significant automobile expense in her driving in exercise of visitation and visitation expense while the children are with her. The court has also considered the factors of § 46b-84
(c) of the General Statutes. Having considered all of the foregoing together with all of the evidence, the court modifies the current order for child support and modifies that order upward and orders support in the amount of Eighty ($80.00) Dollars per week to be paid to the plaintiff effective for the week commencing November 16, 1998.
An immediate order for wage withholding shall issue to secure this order for support.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE